UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE #

**CHARLES YOUNG, an individual**

    **Plaintiff,**

                                                          CIVIL DIVISION

    **vs.**

**EXPERIAN INFORMATION SOLUTIONS, INC.**
**DIAMOND RESORTS CENTRALIZED SERVICES COMPANY**

    **Defendants,**

_____/

# COMPLAINT

Plaintiff**, CHARLES YOUNG,** on behalf of himself, through the undersigned attorneys, files this Complaint against **EXPERIAN INFORMATION SOLUTIONS, INC. (herein "EXPERIAN"), DIAMON RESORTS CENTRALIZED SERVICES COMPANY (herein "DIAMOND RESORTS FS"),** and states as follows**:**

## A. JURISDICTION AND VENUE

1. This is an action for damages brought by and individual consumer against the defendants for violations of the Fair Credit Reporting Act (herein the "FCRA") 15 U. S. C. § 1681 et seq., as amended.

2. At all times material hereto, Plaintiff is a resident of Miami-Dade County, FL

3. This court has subject matter jurisdiction over this matter pursuant to 15 U. S. C. § 1681*p*.  Venue in this judicial district

and many of the facts relevant to this Complaint occurred in this judicial district.

## B. PARTIES

4.  The Plaintiff, **CHARLES YOUNG**, is an adult individual presently residing in Miami, FL. Plaintiff is a "consumer" as defined by Section 1681*a*(c) of the FCRA.

5.  The Defendant, **EXPERIAN** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **EXPERIAN** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EXPERIAN** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6.  The Defendant **DIAMOND RESORTS FS** is a business entity that regularly conducts business in the State of Florida and, as such, is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

## B.  VENUE

7. The venue is proper in this Court based upon the following:

   a. The violations of the FCRA/FDCPA alleged below occurred and/or were committed in **Miami Dade** County, Florida.

   b. At all times material hereto, Defendants, were and continue to be corporations engaged in the business and/or activity of reporting under the FCRA in **Miami Dade** County, Florida and as such are citizens of the State of Florida.

8. Plaintiff, **CHARLES YOUNG,** (hereinafter "Plaintiff"), is an individual residing in the State of Florida, and is a "consumer" as that term is defined by 15 U. S. C. § 1681 et seq., as amended and 15 U.S.C. § 1692 et seq.

9. All Defendants are business entities which regularly conduct business throughout most every state and county in the United States; as corporations that conduct business in the State of Florida, they are all citizens of the State of Florida.

## C. FACTS COMMON TO ALL COUNTS

10. Plaintiff is an individual consumer as defined by the FCRA §1681, et seq., as amended. Plaintiff is alleged to have incurred a financial obligation for primarily personal, family or household purposes.

11. On or about April 2017, Plaintiff attended a presentation in Las Vegas, Nevada for a timeshare. Plaintiff was given a free gift but no purchase was required. Plaintiff did not agree to the purchase of the timeshare and did not sign a contract.

12. On or about February 2020, Plaintiff's decides to purchase a home and his credit report was pulled. On his **EXPERIAN** credit report it shows the **DIAMOND RESORTS FS** account #27135763 which Plaintiff did not authorize.

13. Thereafter, Plaintiff sent a certified letter to **DIAMOND RESORTS FS** letting them know of the error in his credit report.

14. On or about February 24th, 2020, **DIAMOND RESORTS FS**. received this letter via certified mail.

15. Defendant **DIAMOND RESORTS FS**, failed to conduct any type of investigation, and failed to delete the **DIAMOND RESORTS FS** account from Plaintiff's credit report.

16. On or about March 31st, 2020, Plaintiff sent a notification in writing to Defendant **EXPERIAN** asking them to investigate the **DIAMOND** #271357XX account as this account is part of identity theft and asked to conduct an investigation.

17. On April 29th, 2020, Defendant **EXPERIAN** responded to Plaintiff's dispute asking him to contact **DIAMOND RESORTS FS**. directly.

18. Again on May 8th, 2020, Plaintiff sent a notification to **EXPERIAN** asking to investigate the **DIAMOND RESORT FS** account as this account was part of identity theft and asked again to conduct an investigation.

19. Defendant **EXPERIAN**, failed to conduct any type of investigation, and failed to delete the **DIAMOND RESORTS FS** account from Plaintiff's credit report.

20. On or about June 8th, 2020, Plaintiff sent a dispute letter via certified mail/ return receipt to **EXPERIAN** including his personal identification, stating that he attended the timeshare presentation for **DIAMOND RESORTS FS.** In said letter Plaintiff explained he did not purchase a timeshare and he did not sign any contract. Plaintiff advised he has filed a police report #34-2005-076798.

21. **EXPERIAN** received this dispute letter via certified mail/return receipt on or about June 29th, 2020.

22. Defendant **EXPERIAN** did not respond to Plaintiff's request, failed to conduct any type of investigation, and failed to delete the **DIAMOND RESORTS FS** account from Plaintiff's credit report.

23. On or about date August 31st, 2020, Plaintiff sent another dispute letter via certified mail/return receipt to **EXPERIAN,** including his personal identification, in said letter he included a copy of his previous letter asking it be correct it. Plaintiff mentioned he never received a response and again asked to conduct an investigation and delete the **DIAMOND RESORTS FS** account from his credit report.

24. Defendant **EXPERIAN** received this dispute letter via certified mail/return receipt on or about September 14th, 2020.

25. Defendant **EXPERIAN** again did not respond to Plaintiff's request, failed to conduct any type of investigation, and failed to delete the **DIAMOND RESORTS FS** account from Plaintiff's credit report.

26. On or about November 30th, 2020, Plaintiff applied for a Home Depot Credit card and was denied.

27. Plaintiff has been damaged because this misleading information and/or error has impaired his ability to build his credit worthiness. Defendants have reflected credit

information which is incorrect, inaccurate, misleading, and/or false.

28. The acts of Defendants mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

29. Plaintiff has suffered severe pain and distress of body and mind, and great mental anguish, embarrassment, humiliation, and shame.

30. Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendants mentioned above, and has agreed to pay counsel a reasonable attorney fee.

31. Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court costs, telephone calls, and other expenses, all to Plaintiff's further damage.

## D. CAUSES OF ACTION

### COUNT ONE

**VIOLATION OF THE
Fair Credit Reporting Act by
Defendant EXPERIAN
15 U.S.C § 1681, et seq.**

32. Plaintiff incorporates paragraphs 1 through 31 as though fully stated herein.

33. In the entire course of its actions Defendant **EXPERIAN** willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a. By willfully and/or negligently failing, in the preparations of the consumer reports concerning Plaintiff to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

    b. By willfully and/or negligently failing, to disclose the nature and substance of all information in its files on the plaintiff at the time of the request in violation of § 1681g(a)(1) of the FCRA.

    c. By willfully and/or negligently failing, to delete incomplete and inaccurate information on Plaintiff's file after conducting a reinvestigation, in violation of § 1681i(a) of the FCRA.

    d. By willfully and/or negligently failing, to contact the sources suggested by Plaintiff during the reinvestigation in violation of § 1681i(a) of the FCRA.

    e. By willfully and/or negligently failing, to provide subsequent users of the report with Plaintiffs statement of

dispute or a summary thereof, in violation of § 1681i(c) of the FCRA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant **EXPERIAN** for:

*For an award of actual damages;

*For an award of statutory damages;

*For an award of Punitive damages;

*For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## COUNT TWO

### VIOLATION OF FCRA 15 U.S.C § 1681s-2(b) BY DIAMOND RESORTS CENTRALIZED SERVICES COMPANY

34. Plaintiff incorporates paragraphs 1 through 31 as though fully stated herein.

35. At all times pertinent here to, this Defendant "**DIAMOND RESORTS FS**" was a "person" as that term is defined by 15 U. S. C. § 1681a(b) and "furnisher" of information to the credit reporting agencies.

36.     This Defendant violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U. S. C. § 1681s(2)(b). In the entire course of its actions Defendant willfully and/or negligently violated these provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. By willfully and/or negligently failing, to review all relevant information concerning Plaintiff's account provided to this Defendant;

   c. By willfully and/or negligently failing, to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. By willfully and/or negligently failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

   e. By willfully and/or negligently failing, to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff.

    f.  By willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account , and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

    g.  By willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U. S. C. § 1681s-2(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against these Defendants for:

    *For an award of actual damages;

    *For an award of statutory damages;

    *For an award of Punitive damages;

    *For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## E. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury under Florida Law and as stated in the US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated and filed this 17th day of December of 2020.

        Respectfully submitted,
        Law Offices of
        **SAMIRA GHAZAL, PA.**
        Attorney for Plaintiff
        1200 Brickell Avenue
        Suite 520
        Miami, FL 33131
        Tel.  305.860.1221
        Samira@Samiraghazal.com


        _/S/Samira Ghazal
        File by: Samira Ghazal, ESQ.
        FBN: 0864617